IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Rosado, # 80495-038,<br><br>                        Petitioner,<br><br>vs.<br><br>AW Wingfield, Acting Warden,<br><br><br><br>                        Respondent. | C/A No. 1:21-cv-1969-JFA-SVH<br><br><br><br>**ORDER** |

## I.     INTRODUCTION

*Pro se* petitioner Andre Rosado ("Petitioner"), a federal inmate, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing Respondent's motion for summary judgment (ECF No. 19) and all responsive briefing, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without prejudice for lack of jurisdiction and Respondent's motion for summary judgment consequently denied as moot. (ECF No. 30). The Report sets forth, in detail, the relevant

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on November 12, 2021. (ECF No. 33). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the

2

magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Essentially, the Magistrate Judge concluded that Petitioner has not met the savings clause requirements contained in 28 U.S.C. § 2255(e) and therefore this Court lacks jurisdiction to consider his § 2241 petition.

In response, Petitioner asserts that the Magistrate Judge "cherry picked" the Fourth Circuit cases of *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018) and *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) when applying the savings clause found in 28 U.S.C. § 2255(e). Essentially, Petitioner avers that after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his original indictment was defective and therefore his criminal conviction for being a felon in possession of a firearm should be dismissed. Within the Petitioner's response (ECF No. 33), the Court was able to identify two specific objections to the Report and will address them each below.

Petitioner's first specific objection states that, pursuant to the plain text of the savings clause contained in § 2255, his § 2241 petition is proper because a sentencing error is not cognizable under § 2255 and therefore § 2255 is an inadequate and ineffective remedy. *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018)(explaining that Section 2255 contains a savings clause that "provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his detention.").

However, Petitioner's argument fails to account for the specific tests elucidated in *Wheeler* and *Jones* used to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction or sentence. As the Magistrate Judge correctly stated, Petitioner cannot satisfy the second prong of the *Jones* or *Wheeler* tests under Fourth Circuit precedent. (ECF No. 30, p. 12-13). Petitioner's arguments to the contrary amount to a mere

disagreement with the Report and he offers no substantive argument or authority supporting a contrary conclusion.

Petitioner's next objection avers that the Report erroneously stated, "that the government doesn't have to show every element of the crime in order to get a conviction." (ECF No. 33, p. 2). A review of the Report shows no such statements. Instead, the Report correctly concludes that, alternative to the above conclusion regarding jurisdiction, Petitioner's claim is procedurally defaulted as he cannot show actual innocence or actual prejudice. Indeed, "demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." *Greer v. United States*, 141 S. Ct. 2090, 2098, 210 L. Ed. 2d 121 (2021) (internal quotations omitted).

Here, Petitioner served multiple sentences exceeding one year for separate felony convictions prior to his felon in possession conviction. Thus, Petitioner cannot credibly argue, nor does he attempt to here, that he was actually innocent or otherwise unaware of his prohibited status as felon. "Felony status is simply not the kind of thing that one forgets." *Greer v. United States*, 141 S. Ct. 2090, 2097, 210 L. Ed. 2d 121 (2021)(internal quotations omitted).

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. This Court

adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 30). Accordingly, the petition is dismissed without prejudice for lack of jurisdiction and Respondent's motion for summary judgment is denied as moot.

IT IS SO ORDERED.

December 6, 2021  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge